1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BRENDA Y. WARD,                                    )
                            Plaintiff(s),          )        Case No. 2:13-cv-02208-GMN-NJK
                                                   )
                                                   )        ORDER DENYING MOTION FOR
v.                                                 )        DEFAULT JUDGMENT
                                                   )
CM SECURITIES, LLC,                                )        (Docket No. 26)
                                                   )
                            Defendant(s).          )
_____)

    Pending before the Court is Plaintiff's motion for entry of default judgment.  Docket No. 26.
In this case, a default was entered on April 2, 2015.  Docket No. 25.  Once default has been entered, the
plaintiff may apply to the Court for entry of default judgment pursuant to Federal Rule of Civil
Procedure 55(b)(2).  The choice whether a default judgment should be entered is at the sole discretion
of the district court.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

    A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.*
Instead, the Ninth Circuit has determined that a court should look at seven discretionary factors before
rendering a decision on default judgment. *See Eitel v. McCoo*l, 782 F.2d 1470,1471-72 (9th Cir. 1986).
These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive
claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility
of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the
strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*  In
applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount
of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977);

1   *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Plaintiff's pending motion fails

2   to address the *Eitel* factors.

3         Accordingly, the motion for entry of default judgment is DENIED without prejudice.

4   IT IS SO ORDERED.

5   DATED: June 2, 2015

6                                        _____

7                                        Nancy J. Koppe
                                     United States Magistrate Judge

2