UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA Y. WARD, ) | |
| ) | Case No. 2:13-cv-02208-GMN-NJK |
| Plaintiff(s), ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| CM SECURITIES, LLC, ) | (Docket No. 28) |
| ) | |
| Defendant(s). ) | |
| ) | |

Pending before the Court is Plaintiff's motion for entry of default judgment. Docket No. 28. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the undersigned **RECOMMENDS** entry of default judgment.

I.  Standards and Analysis

Plaintiff seeks a judgment confirming an arbitration award in her favor (and against Defendant) for $330,000 of compensatory damages; interest of $12,859; costs of $300; and attorney's fees of $115,500. *See* Docket No. 1 at 10-15. That arbitration award was issued on December 27, 2012. *See id.* Defendant was served with the complaint in this case on October 20, 2014. Docket No. 21. A default was entered against Defendant on April 2, 2015. Docket No. 25. Plaintiff now seeks entry of default judgment. Docket No. 28.[1]

---

[1] This is the third motion for entry of default judgment filed in this case. The Court denied without prejudice Plaintiff's first motion for default judgment as premature because default had not been entered. Docket No. 23. The Court denied without prejudice Plaintiff's second motion for default judgment for failing to address the applicable standards. Docket No. 27.

Once default has been entered, the plaintiff may apply to the Court for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The choice whether a default judgment should be entered is at the sole discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should look at seven discretionary factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470,1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).[2] Especially given the nature of the claim, courts regularly enter default judgment when the defendant fails to appear in a case seeking confirmation of an arbitration award. *See, e.g.*, *UBS Fin'l Servs., Inc. v. Martin*, 2014 WL 2159280, *4-6 (S.D. Cal. May 22, 2014) (entering default judgment confirming FINRA arbitration award).

The undersigned finds that entry of default judgment in this matter is proper. The first *Eitel* factor supports entry of default judgment as Plaintiff will be prejudiced if she does not have a means of enforcing her arbitration award. *See, e.g.*, *Writers Guild of Am., West, Inc. v. BTG Prods., LLC*, 2015 WL 438768, *1 (C.D. Cal. Feb. 3, 2015). The second and third *Eitel* factors also support entry of default judgment as the arbitration panel has already determined the merits and sufficiency of the claims. *See, e.g.*, *id.* Moreover, Defendant submitted to the arbitration of the underlying matter, *see* Docket No. 1

---

[2] In addition, the Court must be satisfied that service was proper and that the Court possesses personal jurisdiction over the defendant. *See, e.g.*, *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). The undersigned has reviewed the record, and is satisfied that service was proper and that the Court possesses personal jurisdiction over Defendant.

at 9 (signed acknowledgment by Defendant),[3] and there is no indication in the record that Defendant has ever challenged the validity of the arbitration or resulting award. *See, e.g.*, *UBS Fin'l Servs.*, 2014 WL 2159280, at *4. The fourth *Eitel* factor also supports entry of default judgment because Plaintiff here seeks the amount awarded by the arbitration panel. *See, e.g.*, *Post Confirmation Trust of Fleming Cos., Inc. v. R.S. Dale Corp.*, 2006 U.S. Dist. Lexis 46453, *5 (D. Ariz. July 7, 2006). The fifth *Eitel* factor supports entry of default judgment because there is not likely going to be a dispute concerning material factors given that Defendant has chosen not to appear in this case despite being served. *See Writers Guild*, 2015 WL 438768, at *1. Moreover, the Court takes as true the well-pleaded facts in the complaint and this Court's role in confirming arbitration awards is extremely limited, rendering the possibility of a factual dispute remote. *See, e.g.*, *UBS Fin'l Servs.*, 2014 WL 2159280, at *5. The sixth *Eitel* factor supports entry of default judgment because there is no indication that Defendant has not appeared as a result of excusable neglect. Lastly, while the undersigned is cognizant of the strong public policy favoring decisions on the merits, this seventh *Eitel* factor is outweighed by the above considerations. *See, e.g.*, *UBS Fin'l Servs.,*, 2014 WL 2159280, at *5.

II.   Conclusion

For the reasons discussed more fully above, the undersigned recommends that default judgment be entered on Plaintiff's behalf (and against Defendant) in the amount awarded by the arbitration panel: $458,659, comprised of $330,000 of compensatory damages, interest of $12,859, costs of $300, and attorney's fees of $115,500.

DATED: July 28, 2015

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Defendant subsequently ceased participating in the arbitration, but the panel concluded that the matter would proceed without Defendant's participation in accordance with the arbitration rules. *See* Docket No. 1 at 11-12.

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.